The Chief Justice

delivered the Opinion of the Court.
John Joliffe and Elisha Williams, as executors of Frances Helm, deceased, brought an action of covenant against Lucy Jones, as administratrix, with the will annexed, of Lowry Jones, deceased, on a covenant executed by the said Lowry to the said Frances, as executrix of Merideth Helm, deceased.
An issue was concluded on a plea of ‘‘Covenants performed,” with leave to the defendant in the action, to prove any special matter which she might have pleaded availably.
After two trials, in the Circuit Court, and one in this on a writ of error, the jury sworn to try the issue a third time, was instructed by the Circuit Judge, to find for the defendant, on the sole ground that, in his opinion, it was still the duty of the plaintiffs, notwithstanding the special issue, to prove that they were executors, and that they had, in his opinion, also, failed to prove that fact.
Whether that decision was right or not, is the principal question to be considered on this writ of error.
We are inclined to the conclusion that, if it was incumbent on the plaintiffs to prove that they were the executors of Frances Helm, the only evidence touching that point was insufficient; for the certificate for authenticating her will, was silent as to the probate and qualification of the executors endorsed thereon.
Nevertheless, the Circuit Court clearly erred in overruling a motion for a new trial, made on the ground of surprise, supported by affidavit, and by the conclusive fact, that the same documents had been read without question on the two former trials, and that the objection *27 to their admissibility and sufficiency as proof of the representative character of the plaintiffs, was made on the third trial, for the first time.
By affirmative pleas, all averments not traversed, are admitted: so, a plea of covenants performed, to an action by ex’ors, admits their right to sue in that character.
A plea of covenants performed, with leave to the defendant to give in evidence any matter that he might plead availably, will admit proof on the part, of any thing that he might prove under any special plea; but does not impose upon the plaintiff the duty of proving any thing in the first instance; as, where he sues as ex’or, such an issue and agreement do not require him to prove that he has a right to sue in that character-a fact admitted by the affirmative plea. But—
Where there is a condition precedent to the right of action — as no breach by the defendant, can be presumed till performance on the part of the plaintiff is shown — it is incumbent on him, under a plea of covenants performed with leave, to prove performance on his part.
And therefore, we should reverse the judgment for this error alone, were there no other.
But it is proper also to decide whether, on the return of the cause to the Circuit Court, the plaintiffs should be required to prove that they are executors of Frances Helm, deceased.
Without the right reserved to the defendant to prove any special fact which she might have pleaded, there could be no doubt that, as the affirmative plea on which the only issue was taken, admitted that the plaintiffs were executors, as averred in their declarations, as well as every other issuable averment not traversed by the plea, any other proof that the plaintiffs had a right to sue as executors would have been, not only unnecessary, but impertinent; because that fact was not controverted by the issue, but was admitted by the plea, and, therefore, concluded on the record.
What then was the object, and what the legal effect, of the leave given to the defendant to prove special matter without first pleading it? Clearly, in our opinion, this, and only this: that she should not be precluded by the issue — as without such leave she would have been, — from proving any special matter which might be available under any plea which she could have filed:
The leave imposed on the plaintiffs no burthen of proving, in the first instance, any fact not controverted by the plea; the reservation was by the defendant only, and for her sole benefit, and neither imported nor could have been intended to have any other effect on the issue, as formed, than to expand it so far as to permit her, if she should chose to do so, to prove other special and available matter than that which she had specially pleaded. And the proof should not have gone out of the issue, unless she had proved some fact beyond it, conformably with the right to do so which she had reserved to herself.
*28 To give to the reservation, the effect of imposing on the plaintiffs, the necessity of first proving every averment in the declaration, which the defendant might have traversed, would pervert the literal import of the record, nullify the issue, and frustrate all the ends of pleading. Such an interpretation would not only supersede the plea filed, but would render the issue upon it worse than useless, by subjecting the plaintiffs to unreasonable uncertainty, vexation and surprise.
We know that the construction we are combatting may seem to have been sanctioned by the imposing authority of our eminent predecessors, in the case of Peebles vs. Porter et al. decided in 1828, and reported in 7th Mon. 609. But the opinion in that case does not, in our judgment, apply, either necessarily or authoritatively, to the question we are considering in this case.
The only judicial question in the case of Peebles vs. Porter et al. was whether the plea of “Covenants performed,” with the special agreement accompanying it, dispensed with proof of the performance by the plaintiffs, of precedent conditions, without the performance of which the defendant was not legally chargeable with nonperformance on his part, but had done as much as he had covenanted to do. And consequently, all that the Court decided was that, under such a plea and such an agreement, the plaintiff had no right to recover without proving that, upon the covenant, a cause of action had accrued to him, which the plea, though in form affirmative, had in effect denied as positively as any more appropriate plea, in form as well as in substance, negative, could have done. And so far, we are not disposed to disturb the construction thus established, or the practice which has prevailed in consequence of it; and especially, as we are inclined to the belief that the understanding of the objects and the effect of such a plea and such special agreement has generally been that, the defendant merely denied that he had broken his covenant, and intended, if the plaintiff should be able to prove a breach, to reserve to himself the privilege of proving any special matter which would exonerate him from damages, by *29 showing that the plaintiff ought not to maintain his action.
It is suggested arguendo in the opinion in that case, that the special agreement imposed on the plaintiffs the burthen of proving whatever might have been put in issue by any negative plea, excepting only such an one as could not be filed without affidavit.
But that was rather an obitur suggestion, and is not, therefore, conclusive authority; and even if it be as applicable to the reservation in this case, as it may have been to that in the case in which it was made, we should feel it our duty to dissent from it.
We cannot believe that the special agreement in this case, was intended to impose on the plaintiffs the burthen of proving, as indispensable to the maintenance of their action, the averment that they were executors, which was admitted by the plea.
Nor could we perceive why, if proof by them of that averment was necessary, on the ground that the agreement required proof of that which a negative plea might have traversed, proof of the execution and consideration of the covenant, would not have been equally and even more necessary; for as the agreement dispensed with all fleas without restriction or discrimination, it dispensed, of course, with the affidavit required to a plea of non est factum, or to a plea impeaching the consideration. And to subject the plaintiffs to the necessity of proving whatever the defendant might have required by any negative plea, and before she had, by first introducing some evidence, negative or affirmative, notified the plaintiffs; as she might have done by a plea, that a particular fact, not involved in the plea filed, was to be litigated — would not only impose on them the unreasonable expense and trouble of proving much that she has not denied, and never intended to deny; but, as before suggested, would be inconsistent with the import of the agreement and subsersive of all the ends of pleading.
Wherefore, as the question is one of practice more than of principle, and is very important, and as, moreover, the case of Peebles vs. Porter et al, is not, either di *30 rectly applicable, or authoritative, we feel authorized to decide according to our clear convictions.
And therefore, the judgment of the Circuit Court is reversed, and the cause remanded for a new trial.